IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00188-MR-WCM

| | |
|---|---|
| **BORGWARNER TURBO SYSTEMS, LLC,** ) ) ) Plaintiff, ) ) vs. ) ) MODERN INDUSTRIES, INC., ) ) Defendant. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff BorgWarner Turbo Systems, LLC's Motion for Preliminary Injunction [Doc. 8] and the Defendant Modern Industries, Inc.'s Motion to Transfer Venue [Doc. 18].

## I. BACKGROUND

The Plaintiff BorgWarner Turbo Systems, LLC ("BorgWarner"), initiated this action by filing its Complaint against Modern Industries, Inc. ("Modern"), on July 12, 2024. [Doc. 1]. In its Complaint, BorgWarner alleges that Modern has refused, in violation of multiple supply contracts between the parties, to deliver nine particular parts that BorgWarner uses in constructing turbochargers. [Id.]. Shortly after filing its Complaint, BorgWarner filed a motion for preliminary injunction, arguing that Modern

should be required to resume shipping the parts to BorgWarner in order to prevent line shutdowns at BorgWarner and other Original Equipment Manufacturers, which rely upon BorgWarner for turbochargers. [Doc. 8].

On July 30, 2024, Modern filed a motion to transfer this action to the United States District Court for the Western District of Pennsylvania (the "WDPA"), on the grounds that a related action between the parties is currently pending in that District. [Doc. 18]. In the WDPA action, which has pending since February 23, 2024, Modern asserts claims for breach of contract against BorgWarner with respect to ten other supply contracts between the parties. [See WDPA No. 1:24-cv-00083 Doc. 1]. BorgWarner has filed a response to Modern's motion, opposing transfer. [Doc. 22].

## II.  DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The decision to transfer a cause of action pursuant to § 1404 is "committed to the discretion of the transferring judge[.]" See Brock v. Entre Comput. Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir. 1991) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).

In considering a motion to transfer venue, the Court considers the following factors: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." <u>Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.</u>, 791 F.3d 436, 444 (4th Cir. 2015). A motion to transfer should not be granted if a transfer "would merely shift the inconvenience from the defendant to the plaintiff, or if the equities lean but slightly in favor of the movant after all factors are considered." <u>Jim Crockett Promotions, Inc. v. Action Media Group, Inc.</u>, 751 F.Supp. 93, 95 (W.D.N.C. 1990).

Additionally, a court may transfer a civil action under the well-established "first-to-file" rule. <u>See</u> <u>Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co.</u>, Inc., 386 F.3d 581, 594-95 (4th Cir. 2004). "Where the same parties have filed similar litigation in separate federal fora, doctrines of federal comity dictate that the matter should proceed in the court where the action was first filed, and that the later-filed action should be stayed, transferred, or enjoined." <u>Nutrition & Fitness, Inc. v. Blue Stuff, Inc.</u>, 264 F.Supp.2d 357, 360 (W.D.N.C. 2003). In determining whether to apply the "first-to-file" rule, the Court should consider: "1) the chronology of the filings, 2) the similarity of the parties involved, and 3) the similarity of the issues at

3

stake." Id. Even if the "first-to-file" rule is applicable, the Court still may in its discretion decline to apply the rule if the Court finds the existence of "special circumstances, such as forum shopping, anticipatory filing, or bad faith filing." Id. (internal quotation marks omitted).

Here, under both § 1404(a) and the "first-to-file" rule, transfer of this action to the Western District of Pennsylvania is appropriate. First and foremost, the WDPA action was filed nearly five months before the present action.[1] Given the existence of the previously filed action in the Western District of Pennsylvania, BorgWarner's choice to file the present action in this District is entitled to little weight. See Century Furniture, LLC v. C&C Imports, Inc., No. 1:07cv179, 2007 WL 2712955, at *3 (W.D.N.C. Sept. 14, 2007) (Howell, M.J.) ("[A] plaintiff's choice of forum is traditionally given great weight. In light of the first-to-file rule, this factor must be weighed in favor of defendant.").

---

[1] BorgWarner argues that the present action should be considered the first filed because it previously brought suit against Modern in this Court in November of 2023 based on some of the facts it alleges here. [See Doc. 22 at 10-11]. However, BorgWarner voluntarily dismissed its previous case against Modern. Thus, "the situation [is] the same as if the [earlier] suit had never been filed." Webb v. Nolan, 361 F.Supp. 418, 420 (M.D.N.C. 1972), aff'd, 484 F.2d 1049 (4th Cir. 1973); see also In re Matthews, 395 F.3d 477, 480 (4th Cir. 2005) ("a dismissal without prejudice operates to leave the parties as if no action had been brought at all").

4

Moreover, the actions at issue involve the same parties, the same counsel, the same witnesses, and similar and overlapping legal and factual issues. While the actions involve supply contracts pertaining to different parts, all of the contracts at issue arise from BorgWarner's purchase orders, and the parties' lengthy course of dealings over the years, including quotations, forecasts, releases, acceptances, and email communications.

Transferring the present action to the Western District of Pennsylvania would avoid the risk of inconsistent judgments regarding the parties' contractual rights. It would also avoid unnecessary burden on the parties, the witnesses, and the Court. Accordingly, to promote judicial economy and federal court comity, and in the interests of justice, the Court in the exercise of its discretion will transfer this action to the Western District of Pennsylvania for further proceedings, including the resolution of BorgWarner's Motion for Preliminary Injunction.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant Modern Industries, Inc.'s Motion to Transfer Venue [Doc. 18] is **GRANTED** and this case is hereby **TRANSFERRED** to the United States District Court for the

Western District of Pennsylvania for further proceedings, including the resolution of BorgWarner's Motion for Preliminary Injunction [Doc. 8].

**IT IS SO ORDERED.**

Signed: August 14, 2024

Martin Reidinger
Chief United States District Judge